REDMANN, Judge.
Appellant’s complaint is that, on the form for the decision of the unemployment compensation appeals referee, (1) the type size of the notice, at the top of the form, that appeal must be taken in ten days is so small that it does not effectively constitute notice; and (2) that a notice at the bottom of the form, that claimant desiring to exercise further appeal rights should continue to file “your claim for weekly benefits” was defective in that the quoted words were not reproduced in the duplicating process'. Appellant argues she did not have notice of the ten-day limit; and that therefore her appeal was improperly dismissed as untimely-
We affirm the dismissal for untimeliness. The ten-day limitation is not in itself unreasonable because the claim is for weekly sustenance; and, if notice other than from the statute itself is due, the notice was quite explicit in a type legible by the unaided eye. (The type size displays 15 characters in the width occupied by ten characters from the typewriter used on the notice.)
Affirmed.
LEMMON, J., assigns additional reasons.
GULOTTA, J., dissents.
LEMMON, Judge,
assigning additional reasons.
Arguably, in administrative proceedings, where the claimant is not usually represented by counsel and is not familiar with requirements of law, special efforts should be made by the agency at every critical stage to notify the claimant of his rights. But the notice procedure in this case, while subject to improvement, was reasonably sufficient to inform the unrepresented claimant that she had to appeal within ten days. Furthermore, if she was not clearly informed of her appeal rights, the very clear decision of the referee that her claim was denied should have prompted her to inquire as to further procedures for relief.